UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CASE NO. 1:19-CR-89-HAB |
| ) | |
| ) | |
| KENNETH APT ) | |

**OPINION AND ORDER**

Pending before the Court is Defendant, Kenneth Apt's, Motion to Request Grand Jury Transcripts (the "Motion"), presumably filed pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i). (ECF No. 48). Apt was charged by way of a single count indictment with violations of 18 U.S.C §922(g)(1) and §924(e). On December 22, 2020, Apt pled guilty without the benefit of a plea agreement to Count 1 of the indictment and is currently awaiting sentencing. Apt's three sentence Motion seeks an order from the Court permitting the Defendant to obtain the grand jury transcripts in his case and further, requests that the Court do so "without the necessity of a hearing." The Government objects to Apt's Motion.[1]

Rule 6(e)(2) prohibits disclosure of "a matter occurring before the grand jury" except as otherwise provided for in the rules. Fed. R. Crim. P. 6(e)(2). Rule 6(e)(3)(E)(i) then provides that disclosure may be made when directed by a court in connection with a judicial proceeding. Fed. R. Crim. P. 6(e)(3)(E)(i). There is a "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958). Grand jury secrecy is maintained because "[t]he grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their

---

[1] Apt's Motion erroneously indicates that he spoke with Assistant United States Attorney Lesley. The Assistant United States Attorney assigned to Apt's case is Lesley J. Miller-Lowery.

testimony would be lifted tomorrow." *Id.* at 682. Thus, the U.S. Supreme Court has held that grand jury secrecy can only be broken where there is a showing of "particularized need." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979); *Hernly v. United States*, 832 F.2d 980, 984 (7th Cir. 1987). "To obtain grand jury material, despite the presumptive secrecy imposed by Fed. R. Crim. P. 6(e), a litigant must show that the information is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed." *United States v. Campbell*, 324 F.3d 497, 498–99 (7th Cir. 2003) (citing *Douglas,* 441 U.S. at 222). A district court has "substantial discretion" in determining whether a petitioner has made a sufficient showing of particularized need. *Douglas*, 441 U.S. at 222-223.

Apt's Motion falls far short of satisfying the heavy burden placed upon him. The Motion is silent on any need for grand jury transcripts in his case, let alone a particularized one, to justify this Court breaking the strong policy considerations in favor of grand jury secrecy. *See United States v. Sells Engineering, Inc.,* 463 U.S. 418, 445 (1983) (construing Rule 6(e) "to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted."). On this basis, Apt's Motion (ECF No. 48) is DENIED without prejudice to refiling if Apt believes he can make the requisite showing set forth in this Opinion and Order.

SO ORDERED on March 10, 2021.

                                         s/ *Holly A. Brady*
                                         JUDGE HOLLY A. BRADY
                                         UNITED STATES DISTRICT COURT