UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.  1:19-CR-89-HAB |
| | ) | |
| | ) | |
| KENNETH APT | ) | |

**OPINION AND ORDER**

On March 23, 2021, this Court held a sentencing status conference to address the various defense objections raised to the Final Presentence Investigation Report (PSR). At that conference, the Court overruled several defense objections but took under advisement the Defendant's remaining objection and set the objection for an evidentiary hearing at the Defendant's request. (ECF No. 57). That hearing is currently set for April 20, 2021 at 1:30 p.m.

On April 13, 2021, the Government filed a brief relating to the issue front and center in the upcoming evidentiary hearing, that is, whether the conduct underlying the Defendant's two burglary convictions committed on the same day "occurred on occasions different from one another" for purposes of applying the enhancement under the Armed Career Criminal Act, 18 U.S.C. §924(e). (ECF No. 60). In its brief, the Government argues that pursuant to the Supreme Court's holding in *Shepard v. United States*, 544 U.S. 13, 26 (2005), this Court is limited to consulting "the conclusive records made or used in adjudicating guilt," such as the "charging documents, plea agreements, [and] findings of fact resulting from a bench trial," *United States v. Elliott*, 703 F.3d 378 (7th Cir. 2012), in ruling on the Defendant's objections. The Government has submitted such documents to the Court and argues that an evidentiary hearing is unnecessary since the documents submitted resolve the question before the Court. Specifically, the Government asserts that the sole issue before the Court is whether these documents show by a preponderance

of the evidence that the Defendant committed the burglaries on occasions different from one another with the determining factor being whether the Defendant had a chance to "terminate his wrongdoing." *United States v. Anderson*, 766 Fed.Appx. 377, 379 (7th Cir. 2019); *Elliott*, 703 F.3d at 381.

At first glance, the Court is inclined to agree with the Government that no additional evidence is permitted under *Shepherd* and the Seventh Circuit authorities cited in its brief. However, the Defendant shall have fourteen (14) days to file a response brief wherein he specifically identifies the evidence he would intend to present at an evidentiary hearing and a legal basis that the evidence to be presented is permissible for the Court to consult in ruling on the Defendant's objection. If the Defendant agrees that no evidentiary hearing is necessary, he should file instead, a Notice indicating his agreement that an evidentiary hearing is unnecessary along with a brief setting forth his argument in support of his objection based on the current state of the record. The Government shall have seven (7) days after any response brief is filed to reply. In the meantime, the evidentiary hearing set for April 20, 2021, is VACATED.

SO ORDERED on April 13, 2021.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT