# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:19-CR-89-HAB |
| | ) | |
| KENNETH APT | ) | |

## OPINION AND ORDER

In 2015, Defendant, Kenneth Apt (Apt), burgled two buildings located on the same property resulting in two separate state court burglary convictions. This conduct, along with a 1993 state burglary conviction, earned him the unfortunate designation in his current federal case as an Armed Career Criminal (ACC) under 18 U.S.C. §924(e).

Before the Court is Defendant's objection to his classification in the presentence investigation report (PSR) as an ACC warranting enhanced penalties in his case. (ECF No. 54). The Defendant objects to that classification on two grounds: first, that a jury, not the judge, must decide whether he is an armed career criminal; and, second, that he does not have three qualifying prior violent felonies.[1] This Court has already overruled the former objection (ECF No. 57), concluding that the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998) holds that prior convictions are sentencing factors that may be determined by a judge and need not be alleged in the indictment or proven to a jury.[2] As for the latter objection,

---

[1]The Defendant seeks to have all the references to the ACCA in the PSR stricken and contends that the conclusions in the PSR are premature until he is found to be an armed career criminal. Defendant also makes a third objection to the Court's consideration of information in the PSR. This Court has overruled this objection (ECF No. 57).

[2]Seventh Circuit authorities have also consistently rejected the Defendant's position. *See United States v. Boyce,* 742 F.3d 792, 799 (7th Cir. 2014) (making the identical argument as Defendant here and holding "*Alleyne,* however, did not change the rule announced in *Almendarez–Torres v. United States* that the fact of a prior conviction need not be alleged in the indictment or proven to a jury beyond a reasonable doubt.

the Defendant asserts that the two 2015 burglaries occurred simultaneously and constitute a single predicate offense for ACCA purposes. Indeed, if the Court were to sustain this objection and find that the two burglaries were not committed "on occasions different from one another," the Defendant would not have the requisite number of predicate offenses to qualify him for the enhanced ACCA penalties. For this reason, and in response to the Defendant's request for an evidentiary hearing on this issue (ECF No. 54), the Court initially set the matter for hearing. (ECF No. 57).

Before the hearing, the Government filed a brief asserting that, in its view, an evidentiary hearing was unnecessary. (ECF No. 60). The Government argued that under the Supreme Court's holding in *Shepard v. United States*, 544 U.S. 13, 26 (2005), this Court is limited to consulting "the conclusive records made or used in adjudicating guilt," such as the "charging documents, plea agreements, [and] findings of fact resulting from a bench trial," *United States v. Elliott*, 703 F.3d 378, 382 (7th Cir. 2012), in ruling on the Defendant's objection. Noting that, "[a]t first glance, the Court is inclined to agree with the Government that no additional evidence is permitted under *Shepard* and the Seventh Circuit authorities cited in its brief," the Court vacated the evidentiary hearing and provided the Defendant time file a response to the Government's brief. With briefing now complete (ECF Nos. 62, 63, and 66), the Court concludes that an evidentiary hearing is not required and, based on the *Shepard* documents submitted to the Court, the Defendant's objection is OVERRULED.

---

The Court explicitly stated in *Alleyne* that it was not revisiting its *Almendarez–Torres* decision because the parties had not raised it.") (internal citations omitted); *United States v. Zuniga,* 767 F.3d 712, 717-718 (7th Cir. 2014) ("Zuniga's argument is foreclosed by *Almendarez-Torres*… which held that prior convictions are 'sentencing factors' that could be determined by a judge, and did not need to be alleged in the indictment or proven to a jury."); *United States v. Anderson*, 766 Fed.App'x 377, 378 (7th Cir. 2019)("Anderson also argued that the government should have charged his previous convictions in his indictment and proven them to a jury, but he conceded that *Almendarez-Torres…*forecloses this argument at our level.")

2

*1. Background*

The facts underlying Apt's federal charge are straight-forward: on September 27, 2019, Apt was traveling northbound on Lafayette Street in Fort Wayne when his Ford pickup truck left the roadway and struck two city light poles. When officers arrived on the scene, Apt was unconscious in the driver's seat. Officers noted an empty beer can on the driver's side floorboard of the pickup truck but did not smell alcohol coming from Apt. Still, Apt's erratic breathing caused the officers concern that he may be under the influence of an opiate. Officers then located cocaine in Apt's pants pocket. Apt was transported by EMS to the hospital. When he was being transferred from an EMS cot to the emergency room cot, Fort Wayne Police located a Ruger LC9 firearm in a black holster.

The Government indicted Apt on October 23, 2019. On December 22, 2020, Apt pled guilty to the sole count of the Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 40).

*2. Discussion*

The ACCA imposes an enhanced sentence when a defendant has three prior convictions for a serious drug offense or "violent felonies." 18 U.S.C. § 924(e). The stakes are high for Apt; if this enhancement applies, Apt's sentencing range jumps from a maximum penalty of ten years to a range of fifteen years to life. For this reason, Apt has vigorously asserted that he does not possess three predicate offenses as stated in the PSR and argued by the Government.

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, [or] involves the use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical

3

injury to another." 18 U.S.C. § 924(e)(2)(B). These three "clauses" are respectively known as (1) the elements clause, (2) the enumerated clause, and (3) the residual clause.[3] It is well-settled in this circuit that a conviction for Indiana robbery qualifies as a violent felony under the elements clause of the ACCA. *United States v. Duncan*, 833 F.3d 751, 758 (7th Cir. 2016); *United States v. Perry*, 862 F.3d 620 (7th Cir. 2017) (class C burglary); *United States v. Foster*, 877 F.3d 343 (7th Cir. 2017) (class B burglary).

It comes as no surprise, then, that the Government points to Apt's three Indiana burglary convictions as the three predicate offenses required to sustain the enhanced penalties. Apt has not challenged his 1993 burglary conviction. Rather, his grievance is with the two 2015 convictions for burglary. He asserts that these convictions are not separate qualifying violent felonies because they were not "committed on occasions different from one another" as the statute requires. 18 U.S.C. § 924(e)(1). As noted above, Apt requested an evidentiary hearing and, in response to the Court's inquiry about the evidence he would intend to present at a hearing, he stated he intends to call the Fort Wayne, Indiana detective involved in the 2015 case, a representative of each of the victims in those cases, and various exhibits with the location of the property and items taken from the property. Additionally, Apt attached the probable cause affidavits and Apt's own affidavit to his brief. (ECF No. 66).

What Apt does not address adequately in his briefing is the Government's position that the Court may consult only the documents approved by the Supreme Court in *Shepard,* 544 U.S. at

---

[3]In 2015, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591, 597 (2015). Therefore, if a prior conviction is not a serious drug offense and does not fall within the enumerated clause, it constitutes a "violent felony" for purposes of the ACCA only if it satisfies the elements clause. *Portee v. United States*, 941 F.3d 263, 266 (7th Cir. 2019).

26. The Government has submitted *Shepard* approved documents to the Court and argues that an evidentiary hearing is unnecessary since the documents submitted resolve the question before the Court. The Government asserts that the sole issue for resolution is whether these documents show by a preponderance of the evidence that the Defendant committed the burglaries on occasions different from one another with the determining factor being whether the Defendant had a chance to "terminate his wrongdoing." *Anderson*, 766 Fed.Appx. at 379; *Elliott*, 703 F.3d at 381.

This Court's review of the cases cited in the Government's brief as well as its own research establishes that an evidentiary hearing is not required, in fact it is foreclosed by *Shepard*, and the Court may evaluate only the *Shepard* documents presented related to these 2015 convictions. (ECF Nos. 60-1, 60-2, 60-3, 63-1).[4] *See Kirkland v. United States*, 687 F.3d 878, 889 (7th Cir. 2012) (holding that the evidentiary restrictions in *Shepard* apply to the "different occasion" inquiry under § 924(e)); *United States v. Hunter,* 418 Fed.Appx. 490, 494 (7th Cir. 2011); accord, *United States v. Dantzler*, 771 F.3d 137 (2d Cir. 2014) (finding plain error where district court used parole records, local presentence reports, arrest reports, officer statements, and defendant's sentencing submissions not authorized by *Shepard*). Through *Shepard*-approved documents, the burden is on the government to prove that the offenses occurred on separate occasions, but "if the *Shepard*-approved documents before a district court are equivocal as to whether the offenses occurred on the same occasion, the ACCA does not apply." *Kirkland*, 687 F.3d at 889.

---

[4]Apt submitted the Affidavits for Probable Cause in the 2015 cases along with his surresponse. (ECF No. 66-2, 66-3). Yet the Supreme Court's holding in *Shepard* prohibits a sentencing court from reviewing any document that precedes the charging document. *See Shepard,* 544 U.S. at 16 ("The question here is whether a sentencing court can look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported [a violent felony]. We hold that it may not*,* and that a later court determining the character of [a prior conviction] is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.")

Turning now to the charging documents supplied by the Government, Apt was charged by Information in cause number 02D06-1504-F5-122, with knowingly or intentionally breaking and entering the building or structure of Schaefer's Lawn Service, with intent to commit theft. (ECF No. 60-1). He was charged by Information in cause number 02D06-1505-F5-136, with knowingly or intentionally breaking and entering the building or structure of another person, to wit: Gregory Doublas, with intent to commit theft. (ECF No. 60-2).[5] Both Informations reflect that these burglaries occurred between April 16, 2015, and April 17, 2015. Apt pled guilty to the burglary counts in the two Informations. During his plea colloquy, Apt admitted that between April 16 and April 17, he entered Schaefer's Lawn Service through a fence and took items from the property. (ECF No. 63-1 at 11). In the second case, he stated that the same night he also went onto Greg Doublas' property without permission and took items from that property. (*Id.* at 12). The court accepted these admissions in support of the factual bases for his plea in each case.

"[A] defendant will be subject to the ACCA enhancement if each of [his] prior convictions arose out of a *separate and distinct criminal episode.*" *United States v. Elliott*, 703 F.3d 378, 383 (7th Cir. 2012). "Factors relevant to that assessment include the nature of the crimes, the identities of the victims, and the locations where the crimes took place." *Id.* Although "timing is a relevant consideration, ... [w]hat really matters ... is the opportunity of the perpetrator to terminate his wrongdoing." *Id.* The Court's inquiry "is simple: were the crimes *simultaneous* or were they *sequential*?" *United States v. Hudspeth*, 42 F.3d 1015, 1021 (7th Cir. 1994) (en banc).

Here there can be little question but that the crimes were sequential and not simultaneous. Although committed close in time, the offenses had different victims and Apt entered different buildings and committed theft from both once he made his way inside. It is impossible for Apt to

---

[5] Both Informations also contained a second count for theft, a level 6 felony, which were dismissed as part of Apt's plea agreement.

6

have been inside both the building owned by Schaefer's Lawn Service and the property rented by Gregory Doublas at the same time, even if they were near each other or at the same address. This means he made a conscious decision to complete one burglary and proceed to the next building to complete a second one. Apt conceded as much in his plea colloquy when he stated that on the same night he entered both buildings and stole items. In between, he had time to terminate his wrongdoing before moving on to burglarize the second property.

Moreover, under the "different occasions" analysis even small gaps in time and place are enough to separate criminal episodes. *See United States v. Pope*, 132 F.3d 684, 690 (11th Cir. 1998). In *Pope*, the Eleventh Circuit outlined the analysis in this way:

> [T]he "successful" completion of one crime plus a subsequent conscious decision to commit another crime makes that second crime distinct from the first for the purposes of the ACCA. Accordingly, we hold that so long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA.

*Pope*, 132 F.3d at 692. Here, the two burglaries occurred in distinct buildings owned or rented by different individuals. The conduct is separate and distinct in that Apt necessarily had to complete one burglary before moving on to begin the next burglary. For this reason, the Court finds that the Government has met its burden of proving that the 2015 burglaries were successive not simultaneous and occurred on occasions different from one another as that phrase is interpreted under the ACCA. See, *e.g.*, *United States v. Nigg,* 667 F.3d 929, 936 (7th Cir.2012) ("Nigg's crimes were obviously committed in sequential fashion, as it is physically impossible for one person to commit three armed robberies simultaneously at three different locations against three different victims on three different dates."); *United States v. Cardenas,* 217 F.3d 491, 492 (7th Cir. 2000)("In this case, the two sales of crack cocaine on March 27 were two separate and distinct episodes. While Cardenas sold the crack cocaine to the same people, the sales were separated by

7

forty-five minutes and a half a block. Cardenas had plenty of time to change his mind, to cease and desist, and to refuse to sell to the informants."); *United States v. Wooden*, 945 F.3d 498 (6th Cir. 2019) (defendant's ten separate burglary convictions for entry into ten different mini warehouses on the same day constituted separate predicate offenses under ACCA); *United States v. Carr*, 592 F.3d 636 (4th Cir. 2010) (affirming ACCA sentence for defendant who committed a series of storage unit break-ins on the same day). Thus, the Probation officer properly concluded that Apt has three predicate convictions for violent felonies to support the ACC enhancement. The Defendant's objection is OVERRULED.

## **CONCLUSION**

Based on the above, the Defendant's objection to the PSR (ECF No. 54) is OVERRULED. The Court will set a sentencing date by separate entry.

SO ORDERED on July 14, 2021.

s/ Holly A. Brady<br>
JUDGE HOLLY A. BRADY<br>
UNITED STATES DISTRICT COURT